FILED
MAR 2 2011
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 10-291C

(Filed March 2, 2011)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * | * *Pro se* complaint; motion to |
| | * dismiss for lack of subject matter |
| **ALFRED ELLIOTT**, *pro se*, | * jurisdiction, RCFC 12(b)(1); |
| | * jurisdiction for claims relating to |
| Plaintiff, | * enforcement of fine or forfeiture, |
| | * 28 U.S.C. § 1355 (2006); |
| v. | * whether claim for illegal |
| | * exaction based on allegedly |
| **THE UNITED STATES**, | * time-barred satisfaction of fine |
| | * reduced to judgment through |
| Defendant. | * offsets to Social Security |
| | * payments is a forfeiture claim. |
| * * * * * * * * * * * * * * * * * * * * * | * |

Alfred Elliott, Overland Park, KS, plaintiff *pro se*.

Alex P. Hontos, Washington, DC, with whom was Assistant Attorney General Tony West, for defendant.

## MEMORANDUM OPINION AND ORDER

**MILLER**, Judge.

This case is before the court after briefing on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) or, in the alternative, for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). Beginning in March 2009, the Government sought to enforce the fine imposed by a 1989 judgment against plaintiff by offsetting plaintiff's monthly Social Security payments. Plaintiff's First Amended Complaint charges an illegal exaction. It asserts that a federal statute precludes this recovery action when the twenty-year statute of limitations for collecting the judgment against him has expired. The parties had briefed defendant's motion that also addressed other claims before plaintiff amended his complaint to withdraw them. Defendant stands on its prior briefing. Plaintiff filed a supplemental response. Argument is deemed unnecessary.

### FACTS

Alfred Elliott ("plaintiff"), a lawyer appearing *pro se*, seeks a monetary judgment in the amount of $2,918.25, plus any additional amounts withheld from his Social Security

benefit payments subsequent to filing his December 2, 2010 amended complaint—amounts, he alleges, that were taken improperly through the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308 (2006) (the "FDCPA"). Plaintiff alleges that the debt expired on August 31, 2009, by dint of applicable statute. He also seeks an order from the court directing the Financial Management Service (the "FMS"), a branch of the United States Department of the Treasury, to remove his name from its database of delinquent debtholders of the United States, so that part of his Social Security payment will not continue to be withheld. Am. Compl. filed Dec. 2, 2010, at 4.

The background facts recited come from two cases decided by the United States Court of Appeals for the Seventh Circuit, in which plaintiff was the defendant, as well as plaintiff's two complaints in the instant case. In delineating the factual background germane to plaintiff's claim to jurisdiction, the court relies on the averments of plaintiff's amended complaint only insofar as they are uncontested. The debt that plaintiff owes—the basis of the present controversy—arises out of a judgment levied against plaintiff for a seventy-count conviction stemming from plaintiff's use of confidential client information, obtained while he was a partner in a Chicago law firm, for personal benefit in securities transactions. Plaintiff was convicted of securities fraud, mail fraud, tax evasion, and racketeering. Elliott v. United States, 467 F.3d 688, 689 (7th Cir. 2006) ("Elliott II"). Plaintiff was found guilty of these offenses in the United States District Court for the Northern District of Illinois in June 1989, and, on August 24, 1989, he was sentenced to five years of imprisonment, followed by five years of probation. United States v. Elliott, 149 F. App'x 489, 490 (7th Cir. 2005) (unpublished order) ("Elliott I"). The district court imposed fines and special assessments totaling $334,800.00, in addition to ordering plaintiff to forfeit his right, title, and interest in the $352,581.93 of proceeds from racketeering. Id. However, following the sentencing, plaintiff absconded, evading law enforcement for fifteen years, until he was arrested in March 2004 in Phoenix, Arizona, where he had been living under the assumed name of "L. David Cohen." Elliott II, 467 F.3d at 689.

To collect the overdue fines and forfeited property, the Government initiated enforcement actions. Two of the enforcement actions involved the acquisition of cash in the amounts of $9,007.10 held by Wells Fargo Bank and $34,152.70 controlled by Bank One. Elliott I, 149 F. App'x at 491. Plaintiff denied ownership of these accounts, and, for this reason, the Seventh Circuit ruled that plaintiff lacked standing to challenge the garnishment order authorizing the seizure of these properties under the FDCPA. Id. at 494 ("[H]e cannot litigate the rights of a third party . . . . By insisting that he has no interest in the money he seeks to protect, Elliott essentially admits that he is not entitled to relief.").

In March 2009 the Government, through the FMS, initiated withholding $194.55 from plaintiff's monthly Social Security benefit payments. Am. Compl. ¶ 3. Plaintiff qualified for, and began receiving, monthly Social Security payments in January 2009, the year of his

2

release from prison. Id. Plaintiff alleges that the FMS, as authorized under the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716 (2006) (authorizing collection of debt by agency through and administrative offset), and 31 C.F.R. § 285.5(a) (2011) (governing "centralized offset of Federal payments to collect delinquent, nontax debts owed to Federal agencies"), holds a database of the individuals who owe the Government an enforceable debt, Am. Compl. ¶ 4. The FMS will reduce the amount of a government payment made to these individuals in order to recoup the debt owed to the Government.

Plaintiff's initial complaint sought to recoup the funds taken from the Wells Fargo and Bank One accounts. Compl. filed May 13, 2010, ¶ 1. However, his amended complaint seeks only the sums withheld from his monthly Social Security benefit payment, an amount of $2,918.25 as of December 1, 2010. Am. Compl. at 4. Consequently, the court takes plaintiff at his word that "the proposed Amended Complaint eliminates all but one of the claims made in the Original Complaint," Pl.'s Br. filed Dec. 2, 2010, at 1, and deems plaintiff to have abandoned in the amended complaint any claim he had for $43,159.80, representing the amounts garnished from the Bank One and Wells Fargo Bank accounts.

Plaintiff's "sole claim concerns an unlawful exaction of [his] Social Security benefits," and involves neither a takings claim nor a tort cause of action. Pl.'s Br. filed Dec. 20, 2010, at 1-2. Plaintiff further narrowed the scope of his claim stating, "The amended complaint does not assert any claim with respect to the 'seizures' that took place in 2004"; nor does he challenge the initial judgment issued in 1989. Id. at 2. Rather, plaintiff contends that his "obligation to pay the fine ended 20 years later (on August 31, 2009) because the Attorney General failed to secure an extension of the twenty-year period of obligation," id. at 2-3, as required by 18 U.S.C. § 3565(h) (1982) ("The obligation to pay a fine or penalty ceases upon . . . the expiration of twenty years after the date of the entry of the judgment . . . . The defendant and the Attorney General may agree in writing to extend such twenty-year period."), repealed by Sentencing Reform Act of 1984, Pub. L. No. 98-473, §§ 212(a)(1),(2), 235(a)(2), 98 Stat. 1837, 1987, 2031. Therefore, the court limits the scope of its decision to plaintiff's claim that the Government's offsets constituted an unlawful exaction of plaintiff's Social Security payments beginning on August 31, 2009, the date on which plaintiff alleges that the judgment against him expired.

## DISCUSSION

### 1. Jurisdictional standards

Defendant levies the objection that plaintiff's asserted claims are outside the court's jurisdiction. Plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint." Sanders v. United States, 252 F.3d 1329, 1333 (Fed. Cir. 2001). Plaintiff must prove jurisdiction by a preponderance of the evidence.

3

Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). While the court will "normally consider the facts alleged in the complaint to be true and correct," id. at 747, "if [plaintiff's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof," McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); see also Daimlerchrysler Corp. v. United States, 442 F.3d 1313, 1318 (Fed. Cir. 2006) ("[I]t is settled that a party invoking federal court jurisdiction must, in the initial pleading, allege sufficient facts to establish the court's jurisdiction.").

The Tucker Act, codified at 28 U.S.C. § 1491(a)(1) (2006), confers jurisdiction on "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." The court's statutorily conferred jurisdiction "waives the Government's sovereign immunity for those actions" stated within the Tucker Act, requiring the court to construe that waiver in favor of the Government. Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc); see also Radioshack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009) ("[W]aivers of the United States's sovereign immunity are to be construed narrowly"). Because the Tucker Act does not set forth a substantive cause of action for plaintiff, "'in order to come within the jurisdictional reach and the waiver of the Tucker Act,'" plaintiff must root his claim in another law possessing a "'right to money damages.'" Greenlee County v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher, 402 F.3d at 1172).

The Tucker Act contemplates generally three categories of money-mandating claims: 1) "claims alleging the existence of a contract between the plaintiff and the government," 2) claims in which "'the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum,'" and 3) claims premised on "'money [having] not been paid but [in which] the plaintiff asserts that he is nevertheless entitled to a payment from the treasury.'" Ont. Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004) (quoting Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1007 (Ct. Cl. 1967)). Plaintiff alleges that the Government unlawfully has exacted money from his Social Security payment, a cause of action falling within the second category of claims.

An illegal exaction "involves money that was 'improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute or a regulation.'" Norman v. United States, 429 F.3d 1081, 1095 (Fed. Cir. 2005) (quoting Eastport S.S., 372 F.2d at 1007). The cause of action is based on a "deprivation of property without due process of law." Id. Other than with respect to an illegal exaction action, the Tucker Act does not establish jurisdiction over a due process claim. Casa de Cambio Comdiv S.A., de C.V. v. United States, 291 F.3d 1356, 1363 (Fed. Cir. 2002). The illegal exaction must be based on

4

a statutory power, and the claimant must establish that "the statute or provision causing the exaction itself provides, either expressly or by 'necessary implication,' that 'the remedy for its violation entails a return of money unlawfully exacted.'" Norman, 429 F.3d at 1095 (quoting Cyprus Amax Coal Co. v. United States, 205 F.3d 1369, 1373 (Fed. Cir. 2000)). However, this jurisdictional grant is limited if express congressional intent provides for exclusive jurisdiction elsewhere. Crocker v. United States, 125 F.3d 1475, 1477 (Fed. Cir. 1997). Such is the situation at hand, defendant contends, because Congress expressly placed jurisdiction over plaintiff's claims in a federal district court.

### 2. Jurisdiction to contest recovery of judgment based on a criminal forfeiture

Defendant cites 28 U.S.C. § 1355(a) (2006), and Crocker, 125 F.3d 1475, as foreclosing jurisdiction in the United States Court of Federal Claims. The court agrees, and recently applied this rule of law in Wayne v. United States, 95 Fed. Cl. 475, 478 (2010). When Congress provides by statute "a 'specific and comprehensive scheme for administrative and judicial review' [in a district court], . . . the Court of Federal Claims' Tucker Act jurisdiction over the subject matter covered by the scheme is preempted." Vereda, LTDA. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001). Congress granted exclusive jurisdiction to federal district courts with respect to "any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. §1355(a) (emphasis added).

The issue before the court is whether plaintiff's cause of action constitutes the type of proceeding included in § 1355 that assigns exclusive jurisdiction to a federal district court. The United States Court of Appeals for the Federal Circuit provided guidance on interpreting § 1355 in Crocker. Annie Lou Crocker filed suit in the Court of Federal Claims after the Scott County, Mississippi, Sheriff's Department seized $132,349.69 while searching her residence. 125 F.3d at 1475. The plaintiff claimed that she was improperly noticed of the subsequent forfeiture action. The court treated Ms. Crocker's claim as "a challenge to the procedural propriety of the agency's forfeiture of her property." Id. at 1475-76. The Federal Circuit held that claims based on illegal exactions can be brought in the Court of Federal Claims only if Congress has not made an express designation of another court to hear such actions. In other words, "Congress has unambiguously allocated" exclusive jurisdiction to the federal district courts for claims seeking the recovery of property taken pursuant to criminal laws. Id. at 1477 (citing, inter alia, 28 U.S.C. § 1355(a)). 1/

---

1/ Defendant points out that the case law cited by plaintiff—Sipe v. Amerada Hess Corp., 689 F.2d 396, 407 (3d Cir. 1982), and Morgan v. Bureau of Alcohol, Tobacco, Firearms, 389 F. Supp. 1099, 1100 (E.D. Tenn. 1974)—is neither controlling precedent nor accurately represented. Def.'s Br. filed Nov. 19, 2010, at 3-4. Defendant is correct on both counts, but the former is determinative. This court is bound by Federal Circuit case law. See

As in Crocker, the judgment in the present case arose from criminal convictions, in this case stemming from plaintiff's use of confidential information related to securities transactions. The trial court imposed fines and special assessments of $334,800.00 and entered a final order of forfeiture of $352,581.93 in proceeds from plaintiff's racketeering scheme. Plaintiff fled the law enforcement for fifteen years, but, after locating plaintiff in 2004, the Government was able to initiate enforcement actions against the amounts held in the Wells Fargo Bank and Bank One accounts. The district court entered final forfeiture orders on December 1, 2004, which were upheld by the Seventh Circuit. Therefore, the judgment that the Government is enforcing each time that it withholds funds from a Social Security payment is the result of fines and forfeitures related to plaintiff's 1989 criminal conviction. As such, "any action or proceeding" related to the "recovery or enforcement" of these fines and forfeitures belongs to the "district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred"—in this case, the United States District Court for the Northern District of Illinois. See 28 U.S.C. § 1355(a), (b)(1)(A) (emphasis added).

Arguing that the applicability of the statute is limited to "'suits brought by a public officer on behalf of the public Treasury,'" plaintiff takes issue with the characterization that his claim is a proceeding to recover or enforce a monetary obligation under § 1355, because the statute does not explicitly include private actions to recover illegal exactions. Pl.'s Br. filed Nov. 1, 2010, at 6 (quoting Sipe v. Amerada Hess Corp., 689 F.2d 396, 407 (3d Cir. 1982)). The crux of plaintiff's complaint is his challenge to the continued validity of the judgment entered against him for a criminal offense. He contends that under 18 U.S.C. § 3565 "the obligation to pay [the] fine or penalty cease[d] upon . . . the expiration of twenty years" unless the Government agreed in writing to extend this period. Id. As that did not occur, the judgment expired.

Plaintiff's conceptual failure lies in his misunderstanding of the nature of his claim. Similarly to Crocker, plaintiff is challenging whether the Government procedurally complied with the forfeiture laws, i.e., whether the Attorney General took necessary steps to prevent

---

1/ (Cont'd from page 5.)

Coltec Indus., Inc. v. United States, 454 F.3d 1340, 1353 (Fed. Cir. 2006) ("There can be no question that the Court of Federal Claims is required to follow the precedent of the Supreme Court, our court, and our predecessor court, the Court of Claims."); Bankers Trust N.Y. Corp. v. United States, 225 F.3d 1368, 1376 (Fed. Cir. 2000) (holding Court of Federal Claims must apply Federal Circuit decisional law irrespective of other court of appeals decisions); see also 28 U.S.C. § 1295(a)(3) (2006) (vesting authority to hear "an appeal from a final decision of the United States Court of Federal Claims" in Federal Circuit). Therefore, Crocker, 125 F.3d 1475, constitutes controlling precedent.

the judgment from expiring, or whether, in the absence of the required action, the Government now is foreclosed from retaining part of his Social Security payments. Therefore, plaintiff's view that § 1355 is limited to the Government's action against him, and does not include his challenge of illegal exaction, ignores the necessary implications of plaintiff's suit and the statute's broad language. Although plaintiff is not challenging the forfeiture itself, plaintiff's claim, should it be successful, would thwart the Government's ability to collect on a judgment arising out of a criminal conviction. The judgment, derived from fines and forfeitures resulting from criminal convictions, is exactly the type of monetary obligation that § 1355 was intended to reach, and not an example of a civil dispute of an illegal exaction that classically comes within the jurisdiction of the Court of Federal Claims. See Norman, 429 F.3d at 1095 ("The classic illegal exaction claim is a tax refund suit alleging that taxes have been improperly collected or withheld by the government."); accord S. Windsor Convalescent Home, Inc. v. Matthews, 541 F.2d 910, 912 n.1 (2d Cir. 1976) ("Title 28 U.S.C. § 1355 . . . was designed to provide jurisdiction with respect to claims involving clear-cut fines and penalties . . . rather than ordinary contractual claims for the recovery of monies that traditionally have rested in the Court of Claims." (citations omitted)). Put another way, the success of plaintiff's claim would impede the Government's "recovery or enforcement of [a] fine, penalty, or forfeiture." See 28 U.S.C. § 1355(a).

Defendant also makes a persuasive textual argument negating plaintiff's contention that § 1355 does not encompass a private right of action. See Def.'s Br. filed Nov. 19, 2010, at 3. The provision inclusively characterizes its applicability to "any" type of proceeding or enforcement action and "any" category of pecuniary fines or forfeiture. See 28 U.S.C. § 1355(a). Moreover, the statute's use of both "recovery or enforcement" suggests that the statute encompasses private causes of action. The Government "enforces" fines, penalties, or forfeitures against a private citizen. The statute covers the distinct concept of "recovery," as signaled by use of the word "or," of a forfeiture or monies taken in the form of fines or penalties. Therefore, "recovery" appropriately may be interpreted as including a private cause of action against the Government for recovery of assets unlawfully exacted.

The broad language of § 1355(a), taken together with the gravamen of plaintiff's cause of action, dictates that plaintiff's challenge to the Government's ability to recover the debt that plaintiff owes properly should be brought before a federal district court, as it is ultimately a "proceeding" that adjudicates the Government's right to "recovery or enforcement" of the 1989 judgment against plaintiff. To hold otherwise would undermine the purpose of § 1355 and negate Congress's commitment of such actions to federal district courts. Because plaintiff's claim can be brought only before a district court, jurisdiction before the Court of Federal Claims is not present. Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (holding Court of Federal Claims lacks subject matter jurisdiction where Congress provides exclusive jurisdiction to a United States district court because "[t]he Court of Federal Claims is not a district court of the United States"); Edelmann v.

United States, 76 Fed. Cl. 376, 382-83 (2007) ("[T]he Court of Federal Claims is not a United States district court"). 2/

## CONCLUSION

Plaintiff has not met his burden to establish jurisdiction. The language of 28 U.S.C. § 1355 grants district courts exclusive authority over any proceeding for the recovery of a fine or forfeiture, and plaintiff's claim to block offsets is a means of blocking recovery. Accordingly, defendant's motion to dismiss is granted. The Clerk of the Court shall dismiss the complaint without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

No costs.

                                               */s/ Christine O.C. Miller*
                                           **Christine Odell Cook Miller**
                                           Judge

---

2/ Because the court lacks subject matter jurisdiction over plaintiff's claim, the court does not address defendant's RCFC 12(b)(6) argument that the amended complaint fails to state a claim for which relief can be granted. However, were jurisdiction present, defendant made a formidable argument that equitable tolling would apply. See Def.'s Br. filed Aug. 26, 2010, at 13-14. Plaintiff fled the law from 1989 to 2004. Section 3290 of Title 18 provides, "No statute of limitations shall extend to any person fleeing from justice," 18 U.S.C. § 3290 (2006), and fugitive status can be the basis of equitable tolling, Massard v. Sec'y of Dep't of Health & Human Servs., 25 Cl. Ct. 421, 425 (1992) ("Tolling doctrines may include incapacity, fugitive status, equitable estoppel in a limitations setting, as well as equitable tolling."). Defendant persuasively argues that plaintiff "cannot now, after disregarding the authority of the criminal statutes and the district court's sentencing judgment for more than a decade . . . avail himself of a 20-year statutory limitation period that plainly did not contemplate such conduct." Def.'s Br. filed Aug. 26, 2010, at 14. For this reason, the court will not transfer the case to the United States District Court for the Northern District of Illinois. See 28 U.S.C. § 1631 (2006) (authorizing transfer to proper court if court determines it to be "in the interest of justice").